647 P.2d 417

**STATE of New Mexico, Petitioner,**

**v.**

**James REAMS and Jesse Fore, Respondents.**

**No. 14102.**

Supreme Court of New Mexico.

June 29, 1982.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for petitioner.

Clifford L. Payne, Lovington, for respondent Fore.

David L. Hoglund, Hobbs, for respondent Reams.

## OPINION

EASLEY, Chief Justice.

Defendant Fore was charged with unlawful distribution of a controlled substance (quaalude) contrary to the Controlled Substances Act, Section 30–31–22, N.M.S.A. 1978 (Repl.Pamp.1980). Defendant Reams was charged with conspiring to distribute controlled substances (quaalude) contrary to Section 30–28–2, N.M.S.A.1978 (Supp.1981), and the Controlled Substances Act, *supra.* The district court dismissed these charges and the Court of Appeals affirmed the District Court in a consolidated appeal. We now reverse in part and affirm in part the decision of the Court of Appeals.

The issue is whether defendants were properly charged under the Controlled Substances Act, *supra,* or whether the Drug and Cosmetic Act, Section 26–1–16(A), N.M. S.A.1978 (Supp.1980), exclusively covers the unauthorized distribution of quaalude.

We affirm the Court of Appeals in its holding that no express legislative authority is required to make the penalty provisions of the Controlled Substances Act applicable to drugs scheduled by administrative regulation. The rationale for the decision on this point is set out fully and persuasively in the majority opinion of the Court of Appeals. *Montoya v. O'Toole,* 94 N.M. 303, 610 P.2d 190 (1980).

A second and more troublesome point concerns which of the two acts specifically and properly applies to the prohibited acts alleged in this case. The majority of the Court of Appeals concludes that the Drug and Cosmetic Act deals more specifically with this category of substances. In this we disagree. The Controlled Substances Act is the appropriate legislation under which defendants should be prosecuted. Judge Wood, in his dissent in this case, has put forth a thorough and accurate analysis of the question. We adopt his dissenting opinion and incorporate it by reference as our own.

We remand the cases to the district court with the direction that the charges erroneously dismissed be reinstated and for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE, FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, respectfully dissents and adopts the opinion of the Court of Appeals as his dissent.